GLOBE NAIL CO. *v.* SUPERIOR NAIL CO.[1]

(*Circuit Court, N. D. Illinois.* March 22, 1886.)

PATENTS FOR INVENTIONS—ADMISSIONS IN ANSWER.

　　In a suit for infringement of reissued letters patent No. 5,207, granted December 31, 1872, to the complainant, as assignee of S. E. Chase, for an improvement in finishing horseshoe-nails, the answer said that the defendant had "never felt disposed to contest said matter with the complainant, but chose rather to make such terms as were by said complainant made with the other companies, and pay for its royalty, rather than to have litigation, and proposes to do the same now, and has so offered to do with said complainant both before and after this suit was commenced." *Held*, that with this admission in the defendant's answer there could be but one decree, and that in favor of complainant, sustaining the validity of the patent and finding infringement.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

In Equity.
*Thomas H. Pease* and *Morse & Stone,* for complainant.
*Offield & Towle,* for defendant.

BLODGETT, J. This suit is brought for an injunction and accounting by reason of the alleged infringment of reissued letters patent No. 5,207, granted December 31, 1872, to the Globe Nail Company, assignee of S. E. Chase, for an "Improvement in Finishing Horse-shoe-nails," the original patent having been granted June 9, 1868. The patent covers a device for forming the point of horseshoe-nails by first beveling the point of the blank by rolling or pressing, and then shearing away the superfluous metal from the edges or sides of the blank, so as to give the nail the required taper upon its sides, this shearing being done by a V-shaped cutting die, into which the nail is forced.

The claim of the patent is:

"(1) In finishing nails for animals' shoes, the process of beveling the small end of each by spreading the metal by pressure, and then removing the superfluous metal by cutting or shearing, substantially as and for the purpose specified. (2) The process of curving the bodies of nails and beveling their points by spreading the metal laterally, and afterwards forcing them through an open die to shear off the superfluous metal, substantially as and for the purpose specified."

The process used by the defendant, as shown by the proof, is: They form a blank by a hot-rolling process from a rod. This blank is then taken to a finishing machine, where the nail receives a slight rolling, commencing near the head and gradually compressing it towards the point, making the point hard, and, at the same time, forming upon the point of the blank a bevel by pressure. The nail is then held against a punch, and a V-shaped die advances and shears away the superfluous metal upon the edges of the blank so as to point the nail and give it the requisite taper. There can be no doubt, I think, that this process is substantially the process covered by the patent, and the defendants do not deny their infringement, nor do they deny the validity of the patent. The defendant in its answer says it "has never felt disposed to contest said matter with the complainant, but chose rather to make such terms as were by said complainant made with the other companies, and pay for its royalty, rather than to have litigation, and proposes to do the same now, and has so offered to do with said complainant both before and after this suit was commenced."

With this admission in the defendant's answer there can be but one decree, and that is in favor of complainant, sustaining the validity of the patent and finding infringement.